**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| MARIA C. FODERA-SESSIN, <br> 1176 Waterfront Place <br> Painesville, OH 44077, <br><br> Plaintiff, <br><br> -vs- <br><br> KENT STATE UNIVERSITY, <br> 800 E. Summit St. <br> Kent, OH 44240, <br><br> and <br><br> STATE OF OHIO, by and through <br> KENT STATE UNIVERSITY, <br> 800 E. Summit St. <br> Kent, OH 44240, <br><br> Defendants. | CASE NO: <br><br> JUDGE <br><br><br> COMPLAINT |

## INTRODUCTION

1. This is a civil action for disability discrimination/retaliation and failure to accommodate in violation of federal and Ohio law arising from Defendants's unlawful treatment of Plaintiff, a qualified individual with a disability, during and after Plaintiff's employment with a State of Ohio entity or agency. Plaintiff seeks injunctive and declaratory relief, and if available, compensatory damages and, punitive damages as permitted by law, attorney's fees, costs, and all other appropriate relief.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction under the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 et seq.) with a parallel action in the Ohio Court of Claims.

3. Venue lies in this Court pursuant to 28 U.S.C. 1391 because Defendant is the State of Ohio, acting by and through Kent State University, and the claims arise from actions or omissions of state officers and employees within the scope of their employment in Kent Ohio.

4. All conditions precedent and statute of limitations to filing this action in the Court of Claims have been satisfied, waived, tolled and/or excused, including any applicable notice or administrative prerequisites to suit. A copy of a Right to Sue letter is attached hereto.

## PARTIES

5. Plaintiff MARIA C. FODERA-SESSIN is a resident of Lake County, Ohio, and at all times relevant was employed by KENT STATE UNIVERSITY in the position of Adjunct Professor.

6. Defendant State of Ohio, by and through KENT STATE UNIVERSITY (hereinafter "Defendant"), is a department/agency/instrumentality of the State of Ohio and was Plaintiff's employer within the meaning of Ohio's disability discrimination statutes and the federal disability statute, the Americans with Disability Act (ADA). At all relevant times, Defendant acted by and through its officers, supervisors, managers, and agents.

## FACTUAL ALLEGATIONS

7. Plaintiff began employment with Defendant in or about August of 2015 as an Adjunct Professor. She has successfully taught Italian language courses, for Defendants and has been well rated and well regarded by both Kent State and her pupils.

8. Plaintiff has performed the essential functions of the position satisfactorily, meeting or exceeding legitimate performance expectations, even when teaching remotely.

9. Plaintiff is a qualified individual with a disability, as that term is defined by Ohio and federal

law, in that Plaintiff has a physical and/or mental impairment that substantially limits one or more major life activities, has a record of such an impairment, and/or was regarded as having such an impairment. Plaintiff has cardiac issues and has been under the treatment of physicians for those issues.

10. Defendant had actual knowledge of Plaintiff's disability and the functional limitations associated with these issues and/or regarded Plaintiff as having a disability

11. Plaintiff engaged in protected activity by advising Defendants of her disability and seeking accommodations, remote work and intermittent leave, including but not limited to requesting immediate remote work to teach her class while fulfilling th essential functions of her job.

12. On or about August 29, 2023, Plaintiff experiences heart related symptoms and limitations, provided medical documentation requesting accommodation and a return to work on September 5, 2023. Plaintiff also requested to temporarily teach her classes online, and had driving restrictions related to her disability.

13. Defendants, by and through Plaintiff's Chair, responded by discharging Plaintiff.

14. Plaintiff was later told she could use sick leave until cleared to return to work.

15. On or about September 20, 2023, Plaintiff was allowed to return to work including in person work, and informed Defendants of this shortly thereafter, on or about October 2, 2023.

16. Instead of returning Plaintiff to regular work, Defendants retaliated against Plaintiff by reducing and eventually ending all work assignments. This retaliation largely occurred in the semester beginning in 2024, and the following semesters in 2024 and 2025 and thereafter, and continues, with Plaintiff not receiving regular class assignments.

17. This retaliation is continuing, and effectively resulted in a constructive discharge of Plaintiff.

18. Defendants have since asserted financial difficulties and exigency but this reasoning is

pretextual, and not the real reason for not assigning classes to Plaintiff, is exaggerated, and is designed to cover up the retaliation.

19. Plaintiff is more qualified to teach and is the better candidate to teach Italian than those persons assigned to teach Italian classes in and since 2024.

20. Plaintiff's requested reasonable accommodations would enable her to perform the essential functions of the job, including but not limited to instruction, interaction with students and grading performance.

21. Plaintiff's requested accommodations were reasonable, would not have imposed an undue hardship on Defendant, and were supported by medical documentation provided to Defendant.

22. Defendant failed to engage in a timely, good-faith interactive process with Plaintiff to identify and implement reasonable accommodations.

23. Defendant denied Plaintiff's requested accommodations, and/or provided ineffective or materially inadequate accommodations that did not address Plaintiff's known limitations.

24. Following Plaintiff's protected requests for accommodation and protected opposition to discriminatory practices, Defendant subjected Plaintiff to materially adverse actions, including but not limited to a discharge, reduction in work, failure to hire, reassignment, reduction in assignments and pay, and exhibited animus towards Plaintiff for asserting her accommodation request, including hostile treatment, and/or termination.

25. The adverse actions occurred closely in time to Plaintiff's protected activity and were motivated, at least in part, by Plaintiff's disability, requests for reasonable accommodation, and/or complaints about discrimination.

26. Similarly situated employees without disabilities and/or who did not request

accommodations were treated more favorably than Plaintiff in comparable circumstances.

27. Defendants' actions and omissions caused Plaintiff economic and noneconomic harm, including lost wages, lost benefits, emotional distress, humiliation, inconvenience, and other compensatory damages, as well as costs and attorney's fees.

28. Defendant acted willfully, knowingly, and/or with reckless disregard for Plaintiff's protected rights under Ohio and federal law.

## LEGAL CLAIMS

### COUNT I

Disability Discrimination (ADA, 42 U.S.C. § 12101, et seq and 42 U.S.C. § 12132 and Ohio Rev. Code Chapter 4112)

29. Plaintiff realleges and incorporates by reference paragraphs 1 through 28 as if fully set forth herein.

30. Plaintiff is a qualified individual with a disability within the meaning of the above statutes, including 42 U.S.C. § 12111(8) and 42 U.S.C. § 12131, R.C. 4112.01, and related provisions.

31. Defendant is an "employer" within the meaning of the above statutes, and at all relevant times employed Plaintiff.

32. Defendant discriminated against Plaintiff because of disability and/or because Plaintiff was regarded as disabled, including by subjecting Plaintiff to adverse employment actions described above, in violation of the ADA and R.C. 4112.02.

33. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff suffered damages, including economic and noneconomic losses, in amounts to be determined at trial.

## COUNT II

Disability Discrimination through Denial of Accommodation Request (the ADA, 42 U.S.C. § 12101, et seq and 42 U.S.C. § 12132; Ohio Rev. Code Chapter 4112)

34. Plaintiff realleges and incorporates by reference paragraphs 1 through 33 as if fully set forth herein.

35. Plaintiff requested reasonable accommodations for a known disability.

36. Defendant failed to provide reasonable accommodations and failed to engage in the interactive process in good faith, in violation of the ADA and R.C. 4112.02, and related provisions.

37. As a direct and proximate result, Plaintiff suffered damages, including economic and noneconomic losses, in amounts to be determined at trial.

## COUNT III

Disability Discrimination Retaliation under 42 U.S.C. § 12203, et seq. and R.C. 4112.02(I)

38. Plaintiff realleges and incorporates by reference paragraphs 1 through 37 as if fully set forth herein.

39. Plaintiff engaged in protected activity by requesting reasonable accommodations, opposing discriminatory practices, and/or making complaints regarding disability discrimination.

40. Defendant took materially adverse actions against Plaintiff, primarily by not assigning classes or reducing class assignments, because of Plaintiff's protected activity, in violation of 42 U.S.C. § 12203, et seq, and R.C. 4112.02(I), and related provisions.

41. As a direct and proximate result, Plaintiff suffered damages, including economic and noneconomic losses, in amounts to be determined at trial.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor and against Defendants and award the following relief:

A. Declare that Defendant violated the ADA and RC 4112 and order Defendant to reinstate Plaintiff to her regular class assignments in the future and order and Defendant from retaliating against Plaintiff;

B. Compensatory damages, including back pay, front pay, lost benefits, lost career income, and damages for emotional distress, in amounts to be determined at trial;

C. Punitive or exemplary damages to the extent permitted by law and not barred by sovereign immunity;

D. Attorney's fees and costs as allowed by law;

E. Pre- and post-judgment interest as allowed by law; and

F. Such other and further legal and equitable relief as the Court deems just and proper.

          *s/ Andrew L. Margolius*
          ANDREW L. MARGOLIUS (0003402)
          MARGOLIUS, MARGOLIUS AND ASSOC., LPA
          55 Public Square, Suite 1770
          Cleveland, Ohio 44113-1901
          (216) 621-2034; (216) 621-1908 (fax)
          E-mail: andrew@margoliuslaw.com

          Attorney for Plaintiff

**JURY TRIAL**

Trial by jury is hereby demanded for all issues allowed by Ohio or federal law.

          *s/ Andrew L. Margolius*
          ANDREW L. MARGOLIUS